**FILED**
**FEBRUARY 20, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

**08 C 1050**

| | | |
|---|---|---|
| JOHN DOE, | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| JASON FORTUNY, | ) | **JUDGE GOTTSCHALL** |
| | ) | **MAGISTRATE JUDGE KEYS** |
| Defendant. | ) | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES the Plaintiff, JOHN DOE ("Plaintiff"), by and through his attorneys, Mudd Law Offices, and complains of the Defendant, JASON FORTUNY ("Mr. Fortuny"), a citizen and resident of the State of Washington, upon personal information as to his own activities and upon information and belief as to the activities of others and all other matters, and states as follows:

### NATURE OF ACTION

1.  This is an action against Mr. Fortuny for violation of the Copyright Act, 17 U.S.C. § 501 et al.; Plaintiff's right to privacy; and related claims arising from Mr. Fortuny's unauthorized posting of Plaintiff's photograph and personal information on the Internet. By this action, Plaintiff seeks, *inter alia*, compensatory damages, punitive damages, attorney's fees and costs, and all other relief to which Plaintiff may be entitled as a matter of law and as deemed appropriate by this Court.

### PARTIES

2.  JOHN DOE is a Washington citizen and resident of Seattle, Washington.

3. Upon information and belief, JASON FORTUNY is a Washington citizen and resident of Kirkland, Washington.

## JURISDICTION AND VENUE

4. This matter presents federal questions arising under statutes of the United States. This Court has jurisdiction over such federal questions pursuant to Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1361.

5. This Court has supplemental jurisdiction over the subject matter of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has jurisdiction over Mr. Fortuny because he has sufficient minimum contacts with Illinois.

7. Mr. Fortuny has published Plaintiff's copyrighted photograph ("Copyrighted Photograph") to a website owned by an Illinois company located in this district; attended and participated in a conference in Chicago, Illinois at which he spoke about his actions at issue in this Complaint; and published letters from Plaintiff's Illinois counsel on the Internet.

8. Upon information and belief, Mr. Fortuny has engaged in further conduct in Illinois and in this district related to the claims in this action.

9. On October 31, 2006, Mr. Fortuny published communication from Plaintiff's Illinois counsel to his website www.rfjason.com under the thread "Don't Tread On Me (Or, how I learned to stop worrying and ignore DMCA threats.)."

10. Further, Mr. Fortuny specifically came to Illinois for a "Lulz Conference" taking place from September 28, 2007 to September 30, 2007 in Chicago, Illinois.

11. At this conference, Mr. Fortuny explicitly spoke of his actions at issue in this Complaint.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the above-mentioned reasons.

13. An actual case or controversy has arisen between Plaintiff and Mr. Fortuny.

14. Mr. Fortuny has infringed Plaintiff's copyright and violated Plaintiff's privacy through unauthorized postings of Plaintiff's photographs and personal information on the Internet, and has engaged in other wrongful conduct.

15. Plaintiff has been injured by Mr. Fortuny's conduct and has suffered damages resulting therefrom.

16. Jurisdiction of this court for the pendent claims is authorized by Federal Rule of Civil Procedure 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## FACTUAL BACKGROUND

17. In or around September 2006, a personal advertisement appeared on the Craigslist website, www.craigslist.org, targeted to the Seattle community in which an individual purporting to be a woman sought intimate relations with men ("Craigslist Ad").

18. On or around September 3, 2006, Plaintiff responded to the Craigslist Ad ("Private Response").

19. In his Private Response, Plaintiff included a photograph of himself and provided his personal electronic mail ("email") address.

20. The photograph of Plaintiff is a copyrighted image.

21. Plaintiff intended his response to the Craigslist Ad to be a private communication between himself and the "woman" who placed the advertisement.

22. Plaintiff relied on the Craigslist Privacy Policy to keep his personal information private. Specifically, the Craigslist Privacy Policy states that users of Craigslist agree not to

3

post, email, or otherwise make available content that includes personal or identifying information about another person without that person's explicit consent.

23.     Further, Plaintiff relied on the Craigslist Privacy Policy to keep users from infringing on his Copyrighted Photograph.  Specifically, the Craigslist Privacy Policy states that users of Craigslist agree not to post, email or otherwise make available content that infringes any patent, trademark, trade secret, copyright or other proprietary rights of any party, or content that users do not have a right to make available under any law or under contractual or fiduciary relationships.

**Fortuny Experiment**

24.     Approximately one hundred seventy-seven (177) additional people responded to the Craigslist Ad.

25.     As it turns out, the Craigslist Ad was a fraud.

26.     The Defendant, Mr. Fortuny, created the Craigslist Ad.

27.     Mr. Fortuny created and published the Craigslist Ad with the intent to harm and embarrass individuals responding to the Craigslist Ad.

28.     On or around September 3, 2006, Mr. Fortuny published the personal and private responses from the Craigslist Ad to Encyclopedia Dramatica's website, [www.encyclopediadramatica.com](www.encyclopediadramatica.com) ("Encyclopedia Dramatica"), including Plaintiff's Private Response.

29.     Encyclopedia Dramatica is owned by an Illinois company located in this district.

30.     The posting on Encyclopedia Dramatica was labeled "RFJason CL Experiment" ("Fortuny Experiment").

31.     RFJason is a pseudonym for Jason Fortuny.

32. In publishing the responses to the Craigslist Ad, Mr. Fortuny published Plaintiff's Private Response, his Copyrighted Photograph, and his personal email address.

33. Moreover, Mr. Fortuny published Plaintiff's Private Response, Copyrighted Photograph and personal email address without Plaintiff's permission.

34. Further, Mr. Fortuny acted with actual malice to harm and deceive the individuals responding to the Craigslist Ad.

**Discovery of Violation of Privacy**

35. On September 6, 2006, Plaintiff received an anonymous email message informing him of the Fortuny Experiment.

36. Shortly thereafter, two of Plaintiff's acquaintances called his attention to the Fortuny Experiment.

37. As Encyclopedia Dramatica allows anyone to edit another individual's postings, Plaintiff edited the Fortuny Experiment by removing his Private Response, Copyrighted Photograph and personal email address.

38. However, Plaintiff's Private Response soon reappeared on the Encyclopedia Dramatica website, along with his Copyrighted Photograph and personal email address.

39. Thereafter, Encyclopedia Dramatica prohibited Plaintiff from making further edits to the Fortuny Experiment.

40. Through legal counsel, Plaintiff requested that Encyclopedia Dramatica remove Plaintiff's Private Response, Copyrighted Photograph and personal email address from the Fortuny Experiment.

41. Encyclopedia Dramatica complied with Plaintiff's request.

**Republication of Fortuny Experiment**

42.     On October 5, 2006, Mr. Fortuny reposted Plaintiff's Private Response, Copyrighted Photograph, and personal email address to Mr. Fortuny's own website, www.rfjason.com.

43.     In an attempt to remove the private information from Mr. Fortuny's website, Plaintiff's counsel sent Mr. Fortuny notification claiming copyright infringement pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c)(3).

44.     However, Plaintiff's Private Response, Copyrighted Photograph, and personal email address reappeared on Mr. Fortuny's website on October 31, 2006 under the thread "Don't Tread On Me (Or, how I learned to stop worrying and ignore DMCA threats.)."

45.     Further, Mr. Fortuny published the communication received from Plaintiff's counsel, located in Chicago, Illinois, to his website on October 31, 2006.

46.     Plaintiff's Private Response, Copyrighted Photograph, and personal email address remain on www.rfjason.com, as does the communication received from Plaintiff's Illinois counsel.

**The Harm**

47.     Plaintiff has suffered, and continues to suffer, harm arising from the foregoing wrongful conduct by Mr. Fortuny.

48.     The unauthorized publication of Plaintiff's Private Response, Copyrighted Photograph and personal email address has affected Plaintiff's private life and the manner in which he is viewed among family, friends, and colleagues.

49. Mr. Fortuny's wrongful conduct has caused Plaintiff to suffer and continue to suffer from humiliation, embarrassment, lost opportunity of keeping his family together, and emotional distress.

50. Mr. Fortuny's wrongful conduct has traumatized Plaintiff.

## COUNT ONE

## AND AS FOR A FIRST CAUSE OF ACTION

## VIOLATION OF COPYRIGHT ACT

## 17 USC § 501 et al.

51. Plaintiff hereby incorporates by reference paragraphs 1 through 50 above in this First Count as though fully set forth herein.

52. Plaintiff is, and at all relevant times has been, the copyright owner of the Copyrighted Photograph.

53. On October 12, 2006, Plaintiff registered the Copyrighted Photograph with the United States Copyright Office. See Exhibit A (attached hereto).

54. The Copyright Act grants Plaintiff, among other rights, the exclusive right to reproduce and distribute the Copyrighted Photograph to the public.

55. Mr. Fortuny, without Plaintiff's permission or consent, has used and continues to use the Copyrighted Photograph.

56. In doing so, Mr. Fortuny has violated Plaintiff's exclusive rights of reproduction and distribution.

57. Mr. Fortuny's actions constitute infringement of Plaintiff's copyright and his exclusive rights arising therefrom.

58. The foregoing acts of infringement have been willful and intentional, in complete disregard of and with indifference to Plaintiff's rights.

59. As a result of Mr. Fortuny's infringement of Plaintiff's Copyrighted Photograph, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).

60. Plaintiff is further entitled to his attorney's fees and costs pursuant to 17 U.S.C. § 505.

61. Unless enjoined and restrained by this Court, Mr. Fortuny will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. As such, Plaintiff has no adequate remedy at law for the harm caused by Mr. Fortuny.

62. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief. Specifically, Plaintiff seeks to enjoin Mr. Fortuny from further acts that would infringe Plaintiff's copyright; ordering Mr. Fortuny to destroy all copies of Plaintiff's Private Response, Copyrighted Photograph, and his personal email address; and ordering Mr. Fortuny to cooperate in the removal of Plaintiff's Private Response, Copyrighted Photograph, and his personal email address from any cached sites.

## COUNT TWO

## AND AS FOR A SECOND CAUSE OF ACTION

## PUBLIC DISCLOSURE OF PRIVATE FACTS

63. Plaintiff hereby incorporates by reference paragraphs 1 through 50 in this Second Count as fully set forth herein.

64. By publishing the Copyrighted Photograph and Private Response to Encyclopedia Dramatica's website and www.rfjason.com, Mr. Fortuny disclosed private facts about Plaintiff without his authorization.

65. Upon information and belief, Mr. Fortuny facilitated the disclosure of the Private Response and Copyrighted Photograph (and the personal email address and private facts contained therein) to additional Internet websites.

66. These private facts concerned the private, intimate life of Plaintiff and his private, intimate activities.

67. These private facts included Plaintiff's engagement in erotic activities and other private conduct.

68. The public disclosure of these private facts represents an intrusion upon the privacy of Plaintiff that is objectionable and highly offensive to a reasonable person.

69. Plaintiff's Private Response, Copyrighted Photograph, personal email address, and the private facts contained therein were not of any legitimate public concern.

70. The public disclosure of Plaintiff's private facts has caused and continues to cause Plaintiff to suffer harm including, but not limited to, anguish and suffering, harmed reputation, embarrassment, invasion of his privacy, lost opportunity of keeping his family together, mental anguish, trauma, and emotional distress.

71. WHEREFORE, Plaintiff seeks recovery of general compensatory damages, punitive damages, and attorney's fees and costs resulting from Mr. Fortuny's public disclosure of private facts.

## COUNT THREE

## AND AS FOR A THIRD CAUSE OF ACTION

## INTRUSION UPON SECLUSION

72.     Plaintiff hereby incorporates by reference paragraphs 1 through 50 above in this Third Count as though fully set forth herein.

73.     Mr. Fortuny made unauthorized intrusions upon Plaintiff's privacy and seclusion when he posted Plaintiff's Private Response, Copyrighted Photograph, and personal email address to Encyclopedia Dramatica's website from a private response on the Craigslist Ad.

74.     Plaintiff's personal image and email address, the nature of the personal image, and the content of the Private Response and Copyrighted Photograph all constituted and still constitute private matters upon which Mr. Fortuny intruded.

75.     Mr. Fortuny made unauthorized intrusions upon Plaintiff's privacy and seclusion when he posted Plaintiff's Private Response, Copyrighted Photograph, and personal email address to [www.rfjason.com](www.rfjason.com).

76.     Mr. Fortuny made unauthorized intrusions upon Plaintiff's privacy and seclusion when he reposted Plaintiff's Private Response, Copyrighted Photograph, personal email address, and communications from Plaintiff's counsel to [www.rfjason.com](www.rfjason.com) under the thread "Don't Tread On Me (Or, how I learned to stop worrying and ignore DMCA threats.)."

77.     Further, Mr. Fortuny made unauthorized intrusions upon Plaintiff's privacy and seclusion when he spoke at the "Lulz Conference" about the Craigslist Ad and his website [www.rfjason.com](www.rfjason.com).

78. The unauthorized intrusions upon Plaintiff's privacy and seclusion in which Mr. Fortuny engaged would be and are highly offensive and/or highly objectionable to a reasonable person.

79. In making such intrusions upon Plaintiff's seclusion, Mr. Fortuny acted with actual malice.

80. Mr. Fortuny's intrusions upon Plaintiff's seclusion caused and continue to cause Plaintiff a great deal of anguish and suffering. Moreover, the uncertainty of the extent of the intrusions continues to cause Plaintiff a great deal of anguish and suffering.

81. Plaintiff has suffered and continues to suffer damages as a result of Mr. Fortuny's intrusions upon his seclusion including, but not limited to, anguish and suffering, harmed reputation, embarrassment, invasion of his privacy, lost opportunity of keeping his family together, mental anguish, trauma and emotional distress.

82. WHEREFORE, Plaintiff seeks recovery of general compensatory damages, punitive damages, and attorney's fees and costs resulting from Mr. Fortuny's intrusions upon his seclusion.

## COUNT FOUR

## AND AS FOR A FOURTH CAUSE OF ACTION

## INJUNCTIVE RELIEF

83. Plaintiff hereby incorporates by reference paragraphs 1 through 82 above in this Fourth Count as fully set forth herein.

84. Plaintiff possesses a clearly ascertainable right or protectable interest that will suffer irreparable damage in the absence of injunctive relief. Particularly, Plaintiff has an exclusive right to reproduce and distribute the Copyrighted Photograph to the public; has the

right and interest in protecting his reputation; and the right and interest in keeping his private facts and personal images private.

85. Further, Mr. Fortuny is using Plaintiff's Copyrighted Photograph for profit, notoriety, and fame. Mr. Fortuny is not just posting Plaintiff's Private Response, Copyrighted Photograph, and email address, he is benefiting at Plaintiff's expense.

86. Absent injunctive relief, Plaintiff's reputation will continue to be harmed unjustifiably.

87. Absent injunctive relief, Mr. Fortuny may keep posting the Copyrighted Photograph, Private Response, and Plaintiff's personal email address to the Internet without Plaintiff's authorization.

88. Mere compensation at law can only possibly provide Plaintiff with compensation for injuries up to the present and cannot compensate for the continued and future injuries to which Mr. Fortuny's actions may place Plaintiff's personal life and reputation in the future.

89. It remains difficult if not impossible to calculate the damages arising from Mr. Fortuny's posting Plaintiff's Private Response, Copyrighted Photograph, and personal email address to multiple sites on the Internet. It becomes almost impossible to calculate the damages arising from Mr. Fortuny's continued posting of Plaintiff's Private Response, Copyrighted Photograph, personal email address and the harm to Plaintiff's reputation.

90. Plaintiff therefore has an inadequate remedy at law.

91. WHEREFORE, Plaintiff seeks a preliminary and permanent injunction enjoining and/or compelling Mr. Fortuny to do the following:

    a. Immediately remove and/or disable access, content, and viewing capabilities of the Private Response, Copyrighted Photograph, and personal email address on [www.rfjason.com](www.rfjason.com);

    b. Immediately cease and desist from any further conduct enabling the Private Response, Copyrighted Photograph, and personal email address from being displayed, distributed, or accessed over the Internet;

    c. Make all reasonable efforts to remove all cached information on any additional search engine sites and cooperate with third party efforts to do so;

    d. Notify Plaintiff should Mr. Fortuny discover any additional information relating to the Private Response, Copyrighted Photograph, or personal email address;

    e. Destroy all electronic copies of the Copyrighted Photograph;

    f. Delete all hard copies of the Copyrighted Photograph;

    g. Allow an expert to confirm the Copyrighted Photograph has been permanently destroyed; and

    h. Refrain from reposting or causing to be reposted Plaintiff's Private Response, Copyrighted Photograph, or personal email address.

## GENERAL

92. Where conditions precedent are alleged, Plaintiff avers that all conditions precedent have been performed or have occurred.

93. Plaintiff demands a jury trial.

94. Where general compensatory damages have not been found, Plaintiff alternatively seeks nominal damages.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF JOHN DOE accordingly and respectfully demands judgment against Mr. Fortuny as follows:

1. That JOHN DOE be awarded general compensatory damages in an amount to be determined at trial;

2. That JOHN DOE be awarded statutory damages in an amount to be determined at trial;

3. That JOHN DOE be awarded punitive damages in an amount to be determined at trial;

4. That JOHN DOE be awarded his attorney's fees and costs in this action;

5. That the Court enter judgment according to the injunctive relief sought; and,

6. That JOHN DOE be awarded any such other and all relief to which JOHN DOE may be entitled as a matter of law and as deemed appropriate by this Court.


Dated: Chicago, Illinois
       February 20, 2008

PLAINTIFF,

JOHN DOE

s/Heidi I. Schmid_____
By: One of His Attorneys
Heidi I. Schmid
Mudd Law Offices
3114 West Irving Park Road, Suite 1W
Chicago, Illinois 60618
(773) 588-5410 Phone
(773) 588-5440 Fax
Illinois ARDC: 6288579
hschmid@muddlawoffices.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| JASON FORTUNY, | ) | |
| | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |

**JURY DEMAND**

Plaintiff demands trial by jury.

s/Heidi I. Schmid
Heidi I. Schmid

15