UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | No. 08 C 1050 |
| Plaintiff, | ) | |
| | ) | JUDGE JOAN B. GOTTSCHALL |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| JASON FORTUNY, | ) | ARLANDER KEYS |
| | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |

**MOTION FOR LEAVE TO OBTAIN SERVICE OF PROCESS
THROUGH ALTERNATIVE MEANS**

Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and § 5/2-203.1 of the Illinois Code of Civil Procedure (the "Code"), Plaintiff John Doe ("Plaintiff") moves this Court to grant him leave to obtain substitute service of process on Defendant Jason Fortuny ("Defendant Fortuny"). In support of his Motion, Plaintiff states as follows:

**ARGUMENT**

This Court should allow Plaintiff to obtain service of process on Defendant Fortuny through alternative means. For, Plaintiff has attempted to obtain proper service and has expended resources in doing so. These attempts have failed. However, Plaintiff has made informal efforts to apprise Defendant Fortuny of the pendency of this action. These efforts succeeded. As such, the Plaintiff moves this Court to allow such alternative means to suffice for purposes of having Defendant Fortuny served pursuant to the applicable rules.

Service of process must comport with the Fourteenth Amendment such that notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 315 (1950). Rule 4(e) of the Federal Rules of Civil

Procedure provides for such notice.[1] In addition, Rule 4(e)(1) provides that service of process may be made through "the law of the state where the district court is located or in which service is made." See FRCP 4(e)(1). In this case, Illinois law applies.

In Illinois, § 5/2-203(a) of the Code governs service of process on individuals.[2] It states in relevant part:

> [e]xcept as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode . . . .

735 ILCS 5/2-203(a). Where service of process has been made impractical under § 2-203(a)(1) and (2), § 2-203.1 provides that:

> the plaintiff may move, without notice, that the court enter an order directing a comparable method of service. The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful. The court may order service to be made in any manner consistent with due process.

735 ILCS 5/2-203.1. Consequently, Illinois law provides the Court with discretion to accept and/or order substitute service of process "in any manner consistent with due process" that is reasonably calculated to apprise interested parties of the pendency of the action. Id.

---

[1] Rule 4(e)(2) provides that service may be obtained "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." See FRCP 4(e)(2).

[2] Although §2-208 of the Code governs service of individuals outside the State, it states that "the service of summons shall be made in a like manner as service within this State, by any person over 18 years of age not a party to the action." As such, § 2-203(a) is applicable to the instant circumstances.

2

Substitute service may be obtained through a variety of methods consistent with § 2-203.1 and due process. This Court held that proper substitute service had been obtained by having the summons and complaint delivered through certified mail, return receipt requested, to a defendant's business and residential addresses. United General Title Ins. Co. v. Tyer, Case No. 00 C 50453, 2001 U.S. Dist. LEXIS 5807, *2 (N.D. Ill. May 4, 2001) (citing Swaim v. Molton Company, 73 F. 3d 711, 715-716 (7th Cir. 1996) (acceptable service obtained where the summons and complaint had been sent certified mail, return receipt requested, despite the notices being returned and marked as refused)). The Court also noted that the plaintiff had made the additional step of having the summons and complaint posted at the defendant's front door. Id.

Here, Plaintiff has pursued significant efforts to obtain service on Defendant Fortuny. Plaintiff retained ABC Legal Services to attempt personal service on Defendant Fortuny. On March 2, 2008, a qualified process server employed by ABC Legal Services attempted to serve Defendant Fortuny at 726 Kirkland Circle, Apartment C203, in Kirkland, Washington. See Narrative Declaration of Attempted Service of SUMMONS IN A CIVIL CASE AND COMPLAINT ("Declaration of Attempted Service") (attached hereto as Exhibit A). On that date, a female person answered the door and indicated that Defendant Fortuny did not live at that address. Id. However, she continued to receive his mail. Id.

The Firm conducted additional research and learned of an additional address for Defendant Fortuny. On March 11, 2008, the process server attempted service at 320 10th Street, #1, Kirkland, Washington. Id. No one answered. Id. The server attempted service again on March 12, 2008, but again no one answered. Id. The server attempted service again on March 15, 2008. This time, a male person answered the door. Id. The process server learned that the

male person had lived at the address for two months and that Defendant Fortuny, apparently, had been the prior tenant. However, the male person continued to receive mail for him. Id.

On March 20, 2008, counsel for Plaintiff emailed links to photographs of Defendant Fortuny to ABC Legal Services for purposes of determining whether the individual who answered the door at 320 10th Street, #1 was Defendant Fortuny. See Affidavit of Sophie M. Dye ("Dye Aff.") ¶ 12 (attached hereto as Exhibit B). On March 25, 2008, ABC Legal Services stated that its process server did not believe the individual in the photographs to be the individual who answered the door. See Declaration of Attempted Service. On April 3, 2008, ABC Legal Services executed a postal trace that indicated that Defendant Fortuny's mail *was* delivered to the address at 320 10th Street, #1, Kirkland, Washington. Id.

As personal service of Defendant Fortuny seemed unlikely, Plaintiff sought an alternative method to notify Defendant Fortuny of the complaint filed against him. Defendant Fortuny maintains two websites and updates them regularly. Specifically, he maintains http://rfjason.livejournal.com/, which he updates daily. He also operates the website www.RFJason.com. www.RFJason.com is hosted by DreamHost Web Hosting ("DreamHost"). Domains By Proxy, Inc. is the registrant for that website. As such, on April 10, 2008, Plaintiff's counsel sent copies of the Complaint and notice of the upcoming April 23, 2008 hearing to DreamHost, Domains By Proxy, Inc., and Defendant Fortuny. See Dye Aff. ¶¶ 13-14. With respect to Defendant Fortuny, Plaintiffs counsel sent the documents to two email addresses associated with his websites, rfjason@livejournal.com and rfjason.com@domainsbyproxy.com. See Dye Aff. ¶ 14.

On April 16, 2008, Assistant General Counsel for Domains By Proxy, Inc., Kelly W. Lewis, sent an email to Charles Lee Mudd Jr. informing him that, pursuant to his request, "we

4

have sent a copy of the complaint and attached documents to our customer [Defendant Fortuny] via e-mail, to the e-mail address that we have on file." See Dye Aff., Ex. 1.  In this email, Kelly W. Lewis also identified the address on file for Defendant Fortuny as being 726 Kirkland Circle, Apartment C203, in Kirkland, Washington.  Id.  She also provided another email address for Defendant Fortuny, rfjason@hotmail.com.

It appears these efforts informed Defendant Fortuny of the litigation.  On April 17, 2008, at 9:57 am, Defendant Fortuny posted an entry to his website at http://rfjason.livejournal.com entitled: "TRIAL OF THE CENTURY, RFJASON VERSUS CRAIGSLIST'S ZAARRA: BATTLE IN SEATTLE."  The entry stated:

> It's finally happened.  I'm finally being sued for The Craigslist Experiment of September 2006. …A Legal Team has already been assembled, but costs are rising dramatically, especially with the unique circumstances of this case. …Future updates will be posted to RFJason.com.

See Dye Aff., Ex 2.  On April 18, 2008 at 3:16 pm, Defendant Fortuny posted an entry entitled "Trial of the Century: Update" which stated:

> First off, a big thanks to everyone who donated yesterday.  I appreciate your fealty.  We're really close to the initial fundraising goal after just a day.  Two or three more donations should put us right where we need to be.
>
> A lot of people have been asking about the case, so here are the important facts. **Please refrain from offering legal advice or legal opinions**.  I appreciate your effort. But, really, let's leave it to my lawyer.
>
> - This is a "John Doe" suit, meaning I don't get to know the actual identity of my accuser.
>
> - The complaint is for copyright violation, public disclosure of private facts, intrusion upon seclusion and injunctive relief.
>
> - Plaintiff argues that his e-mail communication was private and that his photo is copyrighted. (A copyright certificate awarded one month after the e-mail is listed as an exhibit.)

5

> - Plaintiff seeks removal of his e-mail and photo from my website, and an injunction preventing me from having or using these materials.
>
> - Trial by jury and $75,000 judgment.
>
> I'll be commenting more on this next week as things get sorted out.  Once again, thank you for all your assistance so far (you dramacrats know who you are) and expect the first volley of lulz soon.

Id.  Clearly, Defendant Fortuny has been "apprised of the pendency of the action" and the claims filed against him.  Id.

Based on the foregoing, the Plaintiff has made significant efforts to properly serve Defendant Fortuny pursuant to the Federal Rules and Illinois Code.  See *supra*.  These efforts have failed, and service of process through § 2-203 (1) and (2) have become impractical.  In addition to formal efforts to serve Defendant Fortuny, the Plaintiff pursued informal means to inform Defendant Fortuny of this litigation.  Id.  These informal means worked. Id.  Consequently, the Court should allow Plaintiff to obtain substitute service on Defendant Fortuny pursuant to Rule 4(e)(1) of the Federal Rules and § 5/2-203.1 of the Code so that Plaintiff may move forward with his claims against Defendant Fortuny.  Specifically, the Court should allow Plaintiff to effectuate proper service upon Defendant Fortuny by (a) leaving a copy of the summons and complaint at his last known address, 320 10th Street, #1, Kirkland, Washington; (b) sending a copy of the Summons and Complaint via certified mail, return receipt requested to his last known address (even if Defendant Fortuny refuses to accept and/or sign for the package); and, (c) sending a copy of the Summons and Complaint to his email addresses: rfjason@hotmail.com, rfjason@livejournal.com, and rfjason.com@domainsbyproxy.com.  Id.  Such service comports with due process because it is reasonably calculated to apprise Defendant Fortuny of the pendency of this action and afford him an opportunity to present his objections.

Indeed, it appears to have succeeded already in doing so.  <u>See</u> *supra*.  Therefore, this Court should grant Plaintiff's motion for leave to obtain service of process through alternative means.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff moves this Court to grant his Motion for Leave to Obtain Service of Process through Alternative Means.

Dated: Chicago, Illinois
       May 7, 2008

                                            Respectfully submitted,

                                            THE PLAINTIFF,
                                            JOHN DOE

                                         By: <u>s/Sophie Marie Dye</u>
                                              One of his Attorneys
                                              Sophie Marie Dye
                                              Mudd Law Offices
                                              3114 West Irving Park Road
                                              Suite 1W
                                              Chicago, Illinois 60618
                                              773.588.5410 (telephone)
                                              773.588.5440 (facsimile)
                                              cmudd@muddlawoffices.com
                                              ARDC: 6292754

## **CERTIFICATE OF SERVICE**

This is to certify that service of this MOTION FOR LEAVE TO OBTAIN SERVICE OF PROCESS THROUGH ALTERNATIVE MEANS was accomplished pursuant to Electronic Case Filing as to ECF Users and shall be served upon other parties having filed appearances, identified below, via postage pre-paid U.S. mail on the 7th day of May 2008.

No other parties have filed appearances.

s/Sophie Marie Dye
Sophie Marie Dye
Attorney for Plaintiff

Sophie Marie Dye
Mudd Law Offices
3114 West Irving Park Road
Suite 1W
Chicago, Illinois 60618
773.588.5410 (telephone)
773.588.5440 (facsimile)
cmudd@muddlawoffices.com
ARDC: 6292754