UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JASON FORTUNY, )<br>)<br>Defendant. ) | Case No. 08 C 1050<br><br>Judge Joan B. Gottschall |

### ORDER

Before the court is plaintiff's motion for leave to obtain service of process on the defendant through alternate means because of difficulties obtaining service through regular means. For the reasons stated below, plaintiff's motion is granted.

### I. BACKGROUND

On February 20, 2008, plaintiff, "John Doe" ("Doe"), filed a lawsuit against defendant, Jason Fortuny ("Fortuny"), alleging violations of the Copyright Act, public disclosure of private facts, and intrusion upon seclusion. The case concerns Fortuny's allegedly unauthorized posting of Doe's photograph and personal information on the internet. Both Doe and Fortuny reside in the State of Washington; however, Doe alleges jurisdiction in this district in part because Fortuny published the material to a website owned by an Illinois company and spoke about the actions at issue at a conference in Chicago. Although the case was filed almost three months ago, Doe has been unable to serve Fortuny with a copy of the summons or complaint. In order to continue to prosecute the case, Doe has sought leave to serve Fortuny through alternative service methods.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 4(e)(1), Doe has elected to serve Fortuny following the law of "the state where the district court is located," namely Illinois. *See* Fed. R. Civ. P. 4(e)(1). Illinois has an alternate service rule that a plaintiff may invoke if he is having extreme difficulty serving a defendant. The alternate service statute states, in full:

> If service upon an individual defendant is impractical under items (1) and (2) of subsection (a) of Section 2-203, the plaintiff may move, without notice, that the court enter an order directing a comparable method of service. The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful. The court may order service to be made in any manner consistent with due process.

735 Ill. Comp. Stat. 5/2-203.1. Section 2-203 provides, in relevant part, that service may be made: "(1) by leaving a copy of the summons with the defendant personally," ("personal service"); or "(2) by leaving a copy at the defendant's usual place of abode" with a resident who is not the defendant and then mailing a copy of the summons to the address ("abode service"). *Id.* § 2-203(a).

**A.    Does § 2-203.1 Apply To Out-Of-State Service?**

There is no case law discussing whether the alternative service provisions of § 2-203.1 apply to service on out-of-state defendants.[1] As Doe points out, § 2-208 discusses service on

---

[1]Research uncovered only four opinions that deal with § 2-203.1, all of which primarily deal with the sufficiency of the affidavits attached to the motions for alternate service. *See People ex rel. Waller v. Harrison*, 810 N.E.2d 589, 593-595 (Ill. App. 2004); *In re Marriage of Schmitt*, 747 N.E.2d 524, 530-33 (Ill. App. 2001); *Mugavero v. Kenzler*, 739 N.E.2d 979, 980-982 (Ill. App. 2000); *see also United Gen. Title Ins. Co. v. Tyer*, No. 00 C 50453, 2001 WL 487957, **2-3 (N.D. Ill. May 7, 2001).

out-of-state defendants. *See id.* § 2-208. Section 2-208 is entitled "*personal service* outside State," which seems to imply that a plaintiff may serve an out-of-state defendant only in accordance with the provisions of § 2-203(a)(1). *See id.* (emphasis added). However, because § 2-208 also provides that "[t]he service of summons shall be made in like manner as service within this State," Illinois courts have held that service on an out-of-state defendant may be effectuated in any manner allowed for an Illinois defendant. Thus, prior to the 1993 promulgation of § 2-203.1, when the only allowable methods of service on a defendant were personal service and abode service, Illinois courts held that § 2-208 allowed for both personal service and abode service. *See, e.g.*, *People v. Mickow*, 374 N.E.2d 1081, 1083 (Ill. App. 1978) (reasoning that the predecessor statutes of § 2-208 and § 2-203, which are identical to the current statutes except for the numbering scheme, when read together "provide that service upon an out-of-State individual can be made by either [personal or abode service as stated in § 2-203]"); *LaMotte v. Constantine*, 416 N.E.2d 23, 24-25 (Ill. App. 1980) (same).

When the Illinois legislature added an alternative service provision in § 2-203.1, it broadened the manner in which "service within this State" could be effectuated. Illinois case law, which reads § 2-208 to allow for an out-of-state defendant any method of service that would be allowed for Illinois defendants, suggests that this expansion should be read into § 2-208 also.[2]

---

[2]The court is aware that some federal courts have cautioned that methods of service not explicitly proscribed by § 2-208 may be insufficient in Illinois. *See Elec. Signals Prods., Inc. v. E. Elect. Co.*, 783 F. Supp. 1135, 1139 (N.D. Ill. 1992) (holding that mail service that would be sufficient under the federal rules is insufficient in Illinois for out-of-state defendants because § 2-208 provides for only personal service); *Chronister v. Sam Tanksley Trucking, Inc.*, 109 F.R.D. 1, 1 (N.D. Ill. 1983) (same). Because the courts were only dealing with the adequacy of mail service, it is unclear to what extent the courts relied on Illinois state interpretations of § 2-208 that read § 2-208 to allow any method of service that would be allowed for Illinois defendants. Additionally, both cases pre-date § 2-203.1, which means that no alternative service was allowed

Therefore, the court concludes that § 2-203.1 applies to out-of-state defendants and that the court "may order service to be made in any manner consistent with due process."

**B.      Section 2-203.1 Requirements**

A plaintiff seeking to use alternative service methods must provide a detailed affidavit. *See* 735 Ill. Comp. Stat. 5/2-203.1. Specifically, the affidavit must establish: (1) the "nature and extent of the investigation made to determine the whereabouts of the defendant"; (2) "the reasons why [personal or abode] service is impractical"; and (3) "that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful." *Id.*

Doe includes an affidavit from a Washington State process server that describes four attempts to serve Fortuny at two addresses, including three attempts at an address that a postal trace indicated was Fortuny's mailing address (although a resident claimed Fortuny did not live there). Doe also includes an affidavit from counsel stating that the attorney researched public information to obtain possible addresses for Fortuny, contacted companies associated with the website at issue in the lawsuit and gained their assistance in locating and transmitting information to Fortuny, hired a special process server to serve Fortuny, provided photographs of Fortuny to the process server to enable him to identify the defendant, and emailed Fortuny directly.[3]

---

in Illinois at the time the decisions were rendered. Thus, they are inapposite.

[3]It appears from attachments to counsel's affidavit that Fortuny has actual notice of the lawsuit. Specifically, counsel for Doe included an April 18, 2008 printout of pages from Fortuny's website: http://rfjason.livejournal.com. One entry, dated April 18, 2008 and entitled "Trial of the Century: Update," discloses details of this lawsuit, including a summary of the claims, the factual allegations, and a discussion of the fact that it is a "John Doe" lawsuit with a

Although the affidavit does not specifically state why personal and abode service are impractical, it is clear from the affidavit as a whole that it is because Fortuny is either evading service or has no publicly-available physical address. Thus, the court finds the affidavit is sufficient to establish the need for alternate service. *See People ex rel. Waller v. Harrison*, 810 N.E.2d 589, 593 (Ill. App. 2004) ("While a party requesting an alternative means of service must strictly comply with section 2-203.1, its requirements for the affidavit are not magic words that must be slavishly copied before alternative service will be permitted.").

**C.     Method of Service**

Section 2-203.1 allows the court to order service "in any manner consistent with due process." 735 Ill. Comp. Stat. 5/2-203.1. Due process requires that service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Doe suggests: (1) leaving a copy of the summons and complaint at Fortuny's last known addresss; (2) sending a copy of the summons and complaint via certified mail, return receipt requested; and (3) sending a a copy of the summons and complaint to Fortuny's three known email addresses. Instead, the court orders that alternative service be effectuated in the manner mandated in Washington State, namely:

> In lieu of [personal service or abode service], where the person cannot with reasonable diligence be served as described, the summons may be served as provided in this subsection, and shall be deemed complete on the tenth day after the required mailing: By leaving a copy at his or her usual mailing address with a person of suitable age and discretion who is a resident, proprietor, or agent

---

jury request and a $75,000 damage claim. A second entry, dated April 17, 2008 and entitled "Attention Dramacrats," outlines the lawsuit and requests assistance in raising legal funds. The postings no longer appear on the live website.

> thereof, and by thereafter mailing a copy by first class mail, postage prepaid, to the person to be served at his or her usual mailing address. For the purposes of this subsection, "usual mailing address" shall not include a United States postal service post office box or the person's place of employment.

Wash. Rev. Code § 4.28.080(16).

Of note, although Illinois law provides for service only at the defendant's "usual abode," that is, where the defendant actually lives, Washington law allows for service at the "usual mailing address," that is, where the defendant typically receives mail, whether or not the defendant actually resides there. *Compare* 735 Ill. Comp. Stat. 5/2-203(a)(2) (using the term "usual place of abode"), *and* Wash. Rev. Code § 4.28.080(15) (using the term "usual abode" for regular personal and substitute service provisions), *with id.* § 4.28.080(16) (using the term "usual mailing address" for alternate service provisions). Washington's distinction between "usual abode" and "usual mailing address" should be sufficient to overcome the problem Doe encountered when a resident at Fortuny's mailing address said he does not live there. Additionally, Doe can invoke a presumption of service under Washington law, providing, of course, that adequate documentation regarding Fortuny's "usual mailing address" is available. *See id.* § 4.28.080(16). Finally, keeping in mind that the lawsuit concerns Fortuny's website and that electronic communication is obviously a mode of communication with which Fortuny is comfortable, the court also orders service by email to all known email addresses of defendant *in addition* to the process proscribed by the Washington State legislature. The court finds that this combination of service methods comports with due process and is reasonably calculated to inform the defendant of the lawsuit.

### III. CONCLUSION

For the reasons stated above, plaintiff's motion for leave to obtain service of process through alternative means [14] is granted and plaintiff may serve defendant in the manner proscribed above.

ENTER:

\_\_\_\_\_/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: May 21, 2008