## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1050 |
| | ) | |
| JASON FORTUNY, | ) | |
| | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |

### AMENDED COMPLAINT

NOW COMES the Plaintiff, JOHN DOE ("Plaintiff"), by and through his attorneys, Mudd Law Offices, and complains of the Defendant, JASON FORTUNY ("Mr. Fortuny"), a citizen and resident of the State of Washington, upon personal information as to his own activities and upon information and belief as to the activities of others and all other matters, and states as follows:

### NATURE OF ACTION

1.    This is an action against Mr. Fortuny for violation of the Copyright Act, 17 U.S.C. § 501 et al.; Plaintiff's right to privacy; and related claims arising from Mr. Fortuny's unauthorized posting of Plaintiff's photograph and personal information on the Internet.  By this action, Plaintiff seeks, *inter alia*, compensatory damages, punitive damages, attorney's fees and costs, and all other relief to which Plaintiff may be entitled as a matter of law and as deemed appropriate by this Court.

### PARTIES

2.    JOHN DOE is a Washington citizen and resident of Seattle, Washington.

3.     Upon information and belief, JASON FORTUNY is a Washington citizen and resident of Kirkland, Washington.

**JURISDICTION AND VENUE**

4.      This matter presents federal questions arising under statutes of the United States. This Court has jurisdiction over such federal questions pursuant to Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1361.

5.     This Court has supplemental jurisdiction over the subject matter of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.     This Court has jurisdiction over Mr. Fortuny because he has sufficient minimum contacts with Illinois.

7.     Mr. Fortuny published Plaintiff's copyrighted photograph ("Copyrighted Photograph") and Plaintiff's private response to a Craigslist advertisement as part of his "Craigslist Experiment".

8.     The "Craigslist Experiment" came to be published on a website, www.encyclopediadramatica.com, owned and operated by a company located in Chicago, Illinois.

9.     In particular, www.encyclopediadramatic.com is operated by an individual residing in Chicago, Illinois who uses the pseudonym "girlvinyl".

10.     Mr. Fortuny encouraged the publication of the "Craigslist Experiment" on the website www.encyclopediadramatica.com.

11.     Upon information and belief, Mr. Fortuny knew www.encyclopediadramatica.com to be owned and operated by an Illinois company.

12.     Mr. Fortuny knew that "girlvinyl" operated www.encyclopediadramatica.com.

13.     Mr. Fortuny knew that "girlvinyl" resided in Chicago, Illinois and operated

www.encycopediadramatica.com from Chicago, Illinois.

14.     Upon information and belief, Mr. Fortuny communicated with "girlvinyl"

regarding the publication of the "Craigslist Experiment" on the website

www.encyclopediadramatica.com.

15.     Upon information and belief, Mr. Fortuny communicated with "girlvinyl" on how

to exploit the "Craigslist Experiment" for commercial advantage, profit and fame.

16.     Upon information and belief, Mr. Fortuny communicated with "girlvinyl" on

other matters regarding the "Craigslist Experiment."

17.     Mr. Fortuny attended and participated as a panelist in a conference entitled

"Lulzcon 2007" taking place from September 28, 2007 to September 30, 2007 in Chicago,

Illinois.

18.     At Lulzcon 2007, Mr. Fortuny spoke about the "Craigslist Experiment."

19.     At Lulzcon 2007, Mr. Fortuny spoke of his actions that gave rise to the claims in

this Complaint.

20.     Encylopedia Dramatica hosted Lulzcon 2007.

21.     Upon information and belief, Mr. Fortuny communicated with "girlvinyl" about

participating as a panelist at Lulzcon 2007.

22.     Mr. Fortuny hosted the awards presentation at Luzlcon 2007.

23.     Lulzcon 2007 celebrated Mr. Fortuny because of his "Craigslist Experiment."

24.     Mr. Fortuny has sought and obtained national media coverage over his "Craigslist

Experiment".

25.     Mr. Fortuny has sought and obtained revenue from advertising as a result of his "Craigslist Experiment."

26.     Upon information and belief, the communications between Fortuny and "girlvinyl" regarding the Craigslist Experiment were numerous and substantial.

27.     Upon information and belief, Mr. Fortuny has engaged in further conduct in Illinois and in this district related to the claims in this action.

28.     On October 31, 2006, Mr. Fortuny published communication from Plaintiff's Illinois counsel to his website www.rfjason.com under the thread "Don't Tread On Me (Or, how I learned to stop worrying and ignore DMCA threats.)."

29.     This Court has specific personal jurisdiction over Mr. Fortuny.

30.     Venue is proper pursuant to 28 U.S.C. § 1391 for the above-mentioned reasons.

31.     An actual case or controversy has arisen between Plaintiff and Mr. Fortuny.

32.     Mr. Fortuny has infringed Plaintiff's copyright.

33.     Mr. Fortuny has violated Plaintiff's privacy through deceptive conduct and the unauthorized postings of Plaintiff's photographs and personal information on the Internet.

34.     Mr. Fortuny has engaged in other wrongful conduct.

35.     Plaintiff has been injured by Mr. Fortuny's conduct and has suffered damages resulting therefrom.

36.     Jurisdiction of this court for the pendent claims is authorized by Federal Rule of Civil Procedure 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## FACTUAL BACKGROUND

37.     In or around September 2006, a personal advertisement appeared on the

Craigslist website, www.craigslist.org, targeted to the Seattle community in which an individual

purporting to be a woman sought intimate relations with men ("Craigslist Ad").

38.     On or around September 3, 2006, Plaintiff responded privately to the Craigslist

Ad ("Private Response").

39.     Plaintiff intended his response to the Craigslist Ad to be a private communication

between himself and the "woman" who placed the advertisement.

40.     In his Private Response, Plaintiff included a photograph of himself and provided

his personal electronic mail ("email") address.

41.     The photograph of Plaintiff is a copyrighted image ("Copyrighted Photograph").

42.     The Copyrighted Photograph of Plaintiff has been registered with the United

States Copyright Office.  See Exhibit A (redacted).

43.     Plaintiff relied on the Craigslist Privacy Policy to keep his personal information

private.  Specifically, the Craigslist Privacy Policy states that users of Craigslist agree not to

post, email, or otherwise make available content that includes personal or identifying information

about another person without that person's explicit consent.

44.     Further, Plaintiff relied on the Craigslist Privacy Policy to keep users from

infringing on his Copyrighted Photograph.  Specifically, the Craigslist Privacy Policy states that

users of Craigslist agree not to post, email or otherwise make available content that infringes any

patent, trademark, trade secret, copyright or other proprietary rights of any party, or content that

users do not have a right to make available under any law or under contractual or fiduciary

relationships.

**Fortuny Experiment**

45.     Approximately one hundred seventy-seven (177) additional people responded to the Craigslist Ad.

46.     As it turns out, the Craigslist Ad was a fraud.

47.     The Defendant, Mr. Fortuny, created the Craigslist Ad.

48.     Mr. Fortuny deceived individuals, including the Plaintiff, into believing a woman posted the Craigslist Ad.

49.     Mr. Fortuny deceived individuals, including the Plaintiff,  into believing that a woman posted the Craigslist Ad who sought sexual relations.

50.     Mr. Fortuny engaged in deception and fraud in an effort to obtain private responses from individuals responding to the Craigslist Ad.

51.     Mr. Fortuny created and published the Craigslist Ad with the intent to harm and embarrass individuals responding to the Craigslist Ad.

52.     Further, Mr. Fortuny acted with actual malice to harm and deceive the individuals responding to the Craigslist Ad.

53.     On or around September 3, 2006, Mr. Fortuny published the personal and private responses from the Craigslist Ad to, including Plaintiff's Private Response, to his public blog.

54.     Mr. Fortuny published the personal and private responses with the intent to harm and embarrass the individuals responding to the Craigslist Ad.

55.     Mr. Fortuny encouraged people to identify those who responded to the Craigslist Ad.

56.     On or around September 3, 2006, the Craigslist Experiment Encyclopedia came to be published on Encyclopedia Dramatica's website, www.encyclopediadramatica.com ("Encyclopedia Dramatica")

57.     Encyclopedia Dramatica is owned by an Illinois company located in this district.

58.     The posting on Encyclopedia Dramatica was labeled "RFJason CL Experiment" ( "Fortuny Experiment").

59.     RFJason is a pseudonym for Jason Fortuny.

60.     Mr. Fortuny encouraged the publication of the Fortuny Experiment on Encyclopedia Dramatica.

61.     In publishing the responses to the Craigslist Ad, Mr. Fortuny published Plaintiff's Private Response, his Copyrighted Photograph, and his personal email address.

62.     Moreover, Mr. Fortuny published Plaintiff's Private Response, Copyrighted Photograph and personal email address without Plaintiff's permission.

**Discovery of Violation of Privacy**

63.     On September 6, 2006, Plaintiff received an anonymous email message informing him of the Fortuny Experiment.

64.     Shortly thereafter, two of Plaintiff's acquaintances called his attention to the Fortuny Experiment.

65.     As Encyclopedia Dramatica allows anyone to edit another individual's postings, Plaintiff edited the Fortuny Experiment by removing his Private Response, Copyrighted Photograph and personal email address.

66.     However, Plaintiff's Private Response soon reappeared on the Encyclopedia Dramatica website, along with his Copyrighted Photograph and personal email address.

67.     Thereafter, Encyclopedia Dramatica prohibited Plaintiff from making further edits to the Fortuny Experiment.

68.     Through legal counsel, Plaintiff requested that Encyclopedia Dramatica remove Plaintiff's Private Response, Copyrighted Photograph and personal email address from the Fortuny Experiment.

69.     Encyclopedia Dramatica complied with Plaintiff's request.

### Republication of Fortuny Experiment

70.     On October 5, 2006, Mr. Fortuny reposted Plaintiff's Private Response, Copyrighted Photograph, and personal email address to Mr. Fortuny's own website, www.rfjason.com.

71.     In an attempt to remove the private information from Mr. Fortuny's website, Plaintiff's counsel sent Mr. Fortuny notification claiming copyright infringement pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c)(3).

72.     However, Plaintiff's Private Response, Copyrighted Photograph, and personal email address reappeared on Mr. Fortuny's website on October 31, 2006 under the thread "Don't Tread On Me (Or, how I learned to stop worrying and ignore DMCA threats.)."

73.     Further, Mr. Fortuny published the communication received from Plaintiff's counsel, located in Chicago, Illinois, to his website on October 31, 2006.

74.     Plaintiff's Private Response, Copyrighted Photograph, and personal email address remain on www.rfjason.com, as does the communication received from Plaintiff's Illinois counsel.

75.    This subsequent publication of the Copyrighted Photograph after Plaintiff registered the Copyrighted Photograph with the United States Copyright Office entitles Plaintiff to all of the protections and remedies available under the Copyright Act.

**The Harm**

76.    Plaintiff has suffered, and continues to suffer, harm arising from the foregoing wrongful conduct by Mr. Fortuny.

77.    The unauthorized publication of Plaintiff's Private Response, Copyrighted Photograph and personal email address has affected Plaintiff's private life and the manner in which he is viewed among family, friends, and colleagues.

78.    Mr. Fortuny's wrongful conduct has caused Plaintiff to suffer and continue to suffer from humiliation, embarrassment, lost opportunity of keeping his family together, and emotional distress.

79.    Mr. Fortuny's wrongful conduct has traumatized Plaintiff.

## COUNT ONE

## AND AS FOR A FIRST CAUSE OF ACTION

## VIOLATION OF COPYRIGHT ACT

## 17 USC § 501 et al.

80.    Plaintiff hereby incorporates by reference paragraphs 1 through 79 above in this First Count as though fully set forth herein.

81.    Plaintiff is, and at all relevant times has been, the copyright owner of the Copyrighted Photograph.

82.    On October 12, 2006, the Copyrighted Photograph became registered with the United States Copyright Office. See Exhibit A (redacted).

83.    The Copyright Act grants Plaintiff, among other rights, the exclusive right to reproduce and distribute the Copyrighted Photograph to the public.

84.    Mr. Fortuny, without Plaintiff's permission or consent, has used and continues to use the Copyrighted Photograph.

85.    Mr. Fortuny has used and continues to use the Copyrighted Photograph in conjunction with the Fortuny Experiment and related matters for which he seeks profit, income, and fame.

86.    In fact, Mr. Fortuny republished the Copyrighted Photograph subsequent to its registration with the Copyright Office.

87.    In doing so, Mr. Fortuny has violated Plaintiff's exclusive rights of reproduction and distribution.

88.    Mr. Fortuny's actions constitute infringement of Plaintiff's copyright and his exclusive rights arising therefrom.

89.    Mr. Fortuny seeks to obtain revenue from the Fortuny Experiment and related matters.

90.    Upon information and belief, Mr. Fortuny has obtained revenue from the Fortuny Experiment and related matters.

91.    In a perverse manner, the publication of identifying information and materials from those who responded to the Craigslist Ad, such as Plaintiff's Copyrighted Photograph and personal email address, attracts more individual hits and views to Fortuny's website and, consequently, produces more revenue to Mr. Fortuny.

92.    The foregoing acts of infringement have been willful and intentional, in complete disregard of and with indifference to Plaintiff's rights.

93. As a result of Mr. Fortuny's infringement of Plaintiff's Copyrighted Photograph, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).

94. Plaintiff is further entitled to his attorney's fees and costs pursuant to 17 U.S.C. § 505.

95. Unless enjoined and restrained by this Court, Mr. Fortuny will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. As such, Plaintiff has no adequate remedy at law for the harm caused by Mr. Fortuny.

96. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief. Specifically, Plaintiff seeks to enjoin Mr. Fortuny from further acts that would infringe Plaintiff's copyright; ordering Mr. Fortuny to destroy all copies of Plaintiff's Private Response, Copyrighted Photograph, and his personal email address; and ordering Mr. Fortuny to cooperate in the removal of Plaintiff's Private Response, Copyrighted Photograph, and his personal email address from any cached sites.

## COUNT TWO

## AND AS FOR A SECOND CAUSE OF ACTION

## PUBLIC DISCLOSURE OF PRIVATE FACTS

97. Plaintiff hereby incorporates by reference paragraphs 1 through 79 and 81 through 95 in this Second Count as fully set forth herein.

98. By publishing the Copyrighted Photograph and Private Response www.rfjason.com, Mr. Fortuny disclosed private facts about Plaintiff without his authorization.

99. By enabling and encouraging the publication of the Copyrighted Photograph and Private Response to Encyclopedia Dramatica's website, Mr. Fortuny disclosed private facts about Plaintiff without his authorization.

100.    Upon information and belief, Mr. Fortuny facilitated the disclosure of the Private Response and Copyrighted Photograph (and the personal email address and private facts contained therein) to additional Internet websites.

101.    These private facts concerned the private, intimate life of Plaintiff and his private, intimate activities.

102.    These private facts included the fact that Plaintiff would respond to an adult personals ad.

103.    These private facts included the fact that Plaintiff responded to an adult personals ad.

104.    These private facts included Plaintiff's engagement in erotic activities and other private conduct.

105.    These private facts concerned the Plaintiff's private sex life.

106.    The Defendant published the private fact that the Plaintiff sought a private intimate encounter with a woman, specifically a woman that would post such an ad.

107.    The Defendant published the private fact that the Plaintiff responded to a private ad purporting to seek sexual activity.

108.    The Defendant published the private fact that the Plaintiff engaged in erotic activities.

109.    The Plaintiff intended these facts to be and remain private.

110.    The public disclosure of these private facts represents an intrusion upon the privacy of Plaintiff that is objectionable and highly offensive to a reasonable person.

111.    Plaintiff's Private Response, Copyrighted Photograph, personal email address, and the private facts contained therein were not of any legitimate public concern.

112.    The public disclosure of Plaintiff's private facts has caused and continues to cause Plaintiff to suffer harm including, but not limited to, anguish and suffering, harmed reputation, embarrassment, invasion of his privacy, lost opportunity of keeping his family together, mental anguish, trauma, and emotional distress.

113.    WHEREFORE, Plaintiff seeks recovery of general compensatory damages, punitive damages, and attorney's fees and costs resulting from Mr. Fortuny's public disclosure of private facts.

<u>**COUNT THREE**</u>

<u>**AND AS FOR A THIRD CAUSE OF ACTION**</u>

<u>**INTRUSION UPON SECLUSION**</u>

114.    Plaintiff hereby incorporates by reference paragraphs 1 through 79, 81 through 95, and 97 through 112 above in this Third Count as though fully set forth herein.

115.    Mr. Fortuny made unauthorized intrusions upon Plaintiff's privacy and seclusion when he used deception to obtain information about the Plaintiff's private sex life in the form of Plaintiff's Private Response that included his Copyrighted Photograph and personal email address.

116.    Mr. Fortuny made unauthorized intrusions upon Plaintiff's privacy and seclusion when he published Plaintiff's Private Response, Copyrighted Photograph, and personal email address to www.rfjason.com.

117.    Mr. Fortuny made unauthorized intrusions upon Plaintiff's privacy and seclusion by facilitating and encouraging the publication of Plaintiff's Private Response, Copyrighted Photograph, and personal email address to Encyclopedia Dramatica's website.

118.     Plaintiff's personal image and email address, the nature of the personal image, and the content of the Private Response and Copyrighted Photograph all constituted and still constitute private matters upon which Mr. Fortuny intruded.

119.     Mr. Fortuny made unauthorized intrusions upon Plaintiff's privacy and seclusion when he reposted Plaintiff's Private Response, Copyrighted Photograph, personal email address, and communications from Plaintiff's counsel to www.rfjason.com under the thread "Don't Tread On Me (Or, how I learned to stop worrying and ignore DMCA threats.)."

120.     The unauthorized intrusions upon Plaintiff's privacy and seclusion in which Mr. Fortuny engaged would be and are highly offensive and/or highly objectionable to a reasonable person.

121.     In making such intrusions upon Plaintiff's seclusion, Mr. Fortuny acted with actual malice.

122.     Mr. Fortuny's intrusions upon Plaintiff's seclusion caused and continue to cause Plaintiff a great deal of anguish and suffering.  Moreover, the uncertainty of the extent of the intrusions continues to cause Plaintiff a great deal of anguish and suffering.

123.     Plaintiff has suffered and continues to suffer damages as a result of Mr. Fortuny's intrusions upon his seclusion including, but not limited to, anguish and suffering, harmed reputation, embarrassment, invasion of his privacy, lost opportunity of keeping his family together, mental anguish, trauma and emotional distress.

124.     WHEREFORE, Plaintiff seeks recovery of general compensatory damages, punitive damages, and attorney's fees and costs resulting from Mr. Fortuny's intrusions upon his seclusion.

## COUNT FOUR

## AND AS FOR A FOURTH CAUSE OF ACTION

## INJUNCTIVE RELIEF

125.    Plaintiff hereby incorporates by reference paragraphs 1 through 124 above in this Fourth Count as fully set forth herein.

126.    Plaintiff possesses a clearly ascertainable right or protectable interest that will suffer irreparable damage in the absence of injunctive relief.  Particularly, Plaintiff has an exclusive right to reproduce and distribute the Copyrighted Photograph to the public; has the right and interest in protecting his reputation; and the right and interest in keeping his private facts and personal images private.

127.    Further, Mr. Fortuny is using Plaintiff's Copyrighted Photograph for profit, notoriety, and fame.  Mr. Fortuny is not just posting Plaintiff's Private Response, Copyrighted Photograph, and email address, he is benefiting at Plaintiff's expense.

128.    Absent injunctive relief, Plaintiff's reputation will continue to be harmed unjustifiably.

129.    Absent injunctive relief, Mr. Fortuny may keep posting the Copyrighted Photograph, Private Response, and Plaintiff's personal email address to the Internet without Plaintiff's authorization.

130.    Mere compensation at law can only possibly provide Plaintiff with compensation for injuries up to the present and cannot compensate for the continued and future injuries to which Mr. Fortuny's actions may place Plaintiff's personal life and reputation in the future.

131.    It remains difficult if not impossible to calculate the damages arising from Mr. Fortuny's posting Plaintiff's Private Response, Copyrighted Photograph, and personal email

address to multiple sites on the Internet. It becomes almost impossible to calculate the damages arising from Mr. Fortuny's continued posting of Plaintiff's Private Response, Copyrighted Photograph, personal email address and the harm to Plaintiff's reputation.

132.    Plaintiff therefore has an inadequate remedy at law.

133.    WHEREFORE, Plaintiff seeks a preliminary and permanent injunction enjoining and/or compelling Mr. Fortuny to do the following:

     a.    Immediately remove and/or disable access, content, and viewing capabilities of the Private Response, Copyrighted Photograph, and personal email address on www.rfjason.com;

     b.    Immediately cease and desist from any further conduct enabling the Private Response, Copyrighted Photograph, and personal email address from being displayed, distributed, or accessed over the Internet;

     c.    Make all reasonable efforts to remove all cached information on any additional search engine sites and cooperate with third party efforts to do so;

     d.    Notify Plaintiff should Mr. Fortuny discover any additional information relating to the Private Response, Copyrighted Photograph, or personal email address;

     e.    Destroy all electronic copies of the Copyrighted Photograph;

     f.    Delete all hard copies of the Copyrighted Photograph;

     g.    Allow an expert to confirm the Copyrighted Photograph has been permanently destroyed; and

     h.    Refrain from reposting or causing to be reposted Plaintiff's Private Response, Copyrighted Photograph, or personal email address.

**GENERAL**

134.    Where conditions precedent are alleged, Plaintiff avers that all conditions precedent have been performed or have occurred.

135.    Plaintiff demands a jury trial.

136.    Where general compensatory damages have not been found, Plaintiff alternatively seeks nominal damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF JOHN DOE accordingly and respectfully demands judgment against Mr. Fortuny as follows:

1.      That JOHN DOE be awarded general compensatory damages in an amount to be determined at trial;

2.      That JOHN DOE be awarded statutory damages in an amount to be determined at trial;

3.      That JOHN DOE be awarded punitive damages in an amount to be determined at trial;

4.      That JOHN DOE be awarded his attorney's fees and costs in this action;

5.      That the Court enter judgment according to the injunctive relief sought; and,

6.      That JOHN DOE be awarded any such other and all relief to which JOHN DOE may be entitled as a matter of law and as deemed appropriate by this Court.


Dated: Chicago, Illinois
        September 8, 2008

<div style="margin-left:40%">

PLAINTIFF,

JOHN DOE

s/Charles Lee Mudd, Jr.
By: One of His Attorneys
Charles Lee Mudd, Jr.
Mudd Law Offices
3114 West Irving Park Road, Suite 1W
Chicago, Illinois 60618
(773) 588-5410 Phone
(773) 588-5440 Fax
Illinois ARDC: 6288579
cmudd@muddlawoffices.com

</div>

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| JASON FORTUNY, | ) | |
| | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |

**JURY DEMAND**

Plaintiff demands trial by jury.

<u>s/Charles Lee Mudd, Jr.</u>
Charles Lee Mudd, Jr.

19

# EXHIBIT A

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts

**EFFECTIVE DATE OF REGISTRATION**
10-12-06

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**Title of This Work ▼**

**NATURE OF THIS WORK ▼** See instructions

PHOTOGRAPH

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

---

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼
N/A

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**Author's Nationality or Domicile**
Name of Country
{ Citizen of ▶ USA
OR { Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☒ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

**Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**Author's Nationality or Domicile**
Name of Country
{ Citizen of ▶ USA
OR { Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

**Year in Which Creation of This Work Was Completed**
2006    This information must be given in all cases.    Year in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.    Month ▶    Day ▶    Year ▶    Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

**APPLICATION RECEIVED**
OCT 12 2006
**ONE DEPOSIT RECEIVED**
OCT 12 2006
**TWO DEPOSITS RECEIVED**

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**FUNDS RECEIVED**

See instructions before completing this space.

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

CHECKED BY

CORRESPONDENCE
☐ Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼ ___ Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

See instructions
before completing
this space.

a
b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼ ___ Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

b

Area code and daytime telephone number ___ Fax number

Email

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of ___

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Date ___

Handwritten signature (X) ▼

X

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼

Number/Street/Apt ▼

City/State/Zip ▼

WA

**9**

*17 U.S.C. §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form VA – Full  Rev: 06/2002  Print: 06/2002—30,000  Printed on recycled paper  U.S. Government Printing Office: 2002-1-928-486/60, 102